THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FEDERICO OLMEDA, Defendant and Appellant.

No. 7845. Argued November 24, 1939.—Decided January 12, 1940.

*Enrique Báez Garcia* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Federico Olmeda was tried and convicted May 11, 1939, of involuntary manslaughter on an information filed March 27, 1936. When arraigned, April 10, 1936, he pleaded not guilty, demanded a jury trial, and requested that the case be set for trial at the next ensuing term for criminal cases. Sometime thereafter, June 16, 1936, was fixed as the day for the trial. On June 12, defendant waived his right to a speedy trial but disclaimed any intention of unnecessary delay. He expressed his willingness to go to trial within ten days or at the next term of court, and requested a postponement for ten days or, in the alternative, until the case could be reset. This motion was based on·the following grounds:

Defendant was cited June 9 to appear for trial on June 16. Defendant resided in Mayagüez and his attorneys in San Juan. Defendant sent the citation June 10 to his attorneys in San Juan. They received it June 11, at 4:00 o'clock in the afternoon. They tried immediately to get in touch with defendant but were unable to do so. One of them went to Mayagüez early in the morning of the 12th in order to present the motion.

Defendant's attorneys did not have sufficient time to prepare their evidence, summon witnesses and investigate certain legal questions involved in the case. When they received the citation they had already made previous engagements for Monday, June 15, which made it impossible for them to prepare the case properly for trial or to be in Mayagüez to prepare their evidence.

The district attorney agreed, and the judge ordered a ·postponement without resetting the case.

On March 2, 1937, counsel for defendant filed a *praecipe* for the summoning of four witnesses, all of whom resided in Mayagüez. From the *praecipe* it appears that the case had been set for trial on the following day, March 3.

An entry in the minutes of March 2 discloses a postponement of the trial on motion of the district attorney, who announced another jury term for the months of March and April. Thereupon the secretary telegraphed defendant's attorney that the judge, on motion of the district attorney,

had postponed the rest of the cases set for jury trials, including that of *People* v. *Olmeda,* until such time as they should be reset. Defendant, on March 9, moved that the case be immediately set for re-trial. He protested against the postponement ordered without notice or hearing and pointed out that as a result of the accident which gave rise to the prosecution, he had been deprived for a long time of his badge and license as a chauffeur, and of the means of earning a living; and that he had prepared for trial at some expense, since his attorneys resided in San Juan.

The judge ordered that the case be set for trial at the next term to be held for the trial of criminal cases.

From an entry in the minutes of June 29, 1937, it appears that the judge, on motion of the district attorney based on the lateness of the hour, again postponed the trial until the case should be reset.

From the minutes of February 9, 1938, it appears that the case had again been set for trial February 10, and that the judge, on motion of the district attorney, who was suffering from laryngitis, again ordered a postponement until the case should be again reset.

On August 27, 1938, defendant, in a motion signed by himself, asked that the prosecution be dismissed under Section 448 of the Code of Criminal Procedure. He set forth most of the foregoing facts including the statement that during all of the time that had elapsed he had been deprived of his badge and of the means of earning his living as a chauffeur; and added that at all times during the two years, two months and thirteen days which had elapsed since the postponement requested by his counsel, he had been willing to go to trial; and that the various postponements had been ordered at the instance of the district attorney and through no fault on the part of defendant.

August 29, defendant's motion was set for a hearing on September 9. The record indicates that defendant and the district attorney were notified. Defendant did not appear

on September 9 and the hearing was postponed at the instance of the district attorney until such time as the motion should be reset. The record indicates that defendant was notified September 22. On January 26, 1939, the motion was reset for a hearing on January 28. Beyond the usual provision in the order itself to the effect that notice thereof should be given, there is nothing to show that defendant received any notice of this order.

Defendant did not appear at the hearing on January 28 and the court, on motion of the district attorney, denied the motion because of defendant's failure to appear.

On May 29, 1939, in another motion to dismiss the prosecution under Section 448 of the Code of Criminal Procedure, defendant again set forth the foregoing facts and a copy of this motion was served on the district attorney. When the case was called for trial May 11, this motion was brought to the attention of the judge and submitted by counsel for defendant. The judge, without waiting to hear from the district attorney, and without any showing whatever on the part of the district attorney, promptly overruled the motion.

The only case cited by the *Fiscal* of this Court in support of his contention that the judgment of the district court should be affirmed is *People* v. *Ortiz,* 51 P.R.R. 367. A reading of the opinion in *People* v. *Ortiz,* will suffice to distinguish that case from the case at bar.

In *Dyer* v. *Rossy,* 23 P.R.R. 718, 726, 727, this Court, construing Section 448 of the Code of Criminal Procedure, said:

"Under this section, where no just cause is shown, the court is peremptorily required to dismiss the case. Where no just cause is shown, we think there is absolutely no discretion in the court. The right of a man charged with a crime to have a trial within one hundred and twenty days, and the duty of the court to dismiss the suit in the absence of such speedy trial, are co-extensive. Where no showing is made, the court has no discretion to refuse to dismiss the case."

The judgment appealed fom must be reversed and the prosecution dismissed.